**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5624-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CHRISTOPHER VARGAS,

     Defendant-Appellant.

_____

> Argued telephonically July 14, 2020 –
> Decided September 10, 2020
>
> Before Judges Sabatino and Susswein.
>
> On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Municipal Appeal No. 02-02-19.
>
> Greggory M. Marootian argued the cause for appellant.
>
> Shaina Brenner, Assistant Prosecutor, argued the cause for respondent (Francis A. Koch, Sussex County Prosecutor, attorney; Shaina Brenner, of counsel and on the brief).

PER CURIAM

Defendant, Christopher Vargas, appeals from the denial of his motion to vacate his guilty plea to driving while intoxicated (DWI), N.J.S.A. 39:4-50. Based on our de novo review of the plea colloquy in light of the applicable legal standards, we conclude the factual basis for the guilty plea was insufficient. Although defendant acknowledged he understood that a hospital blood test indicated his blood alcohol content (BAC) exceeded the legal limit, he never was asked during the plea colloquy to acknowledge or acquiesce to the accuracy of the test results. Defendant, in other words, did not admit to the underlying facts of an essential element of the DWI offense. We therefore reverse and vacate the conviction.

I.

On December 3, 2011, defendant crashed the vehicle he was operating. Defendant was seriously injured and was rushed to a hospital. There, a blood test was taken that revealed defendant's BAC was .184%, more than twice the .08 legal limit. Defendant was charged with a per se DWI offense.[1] He also

---

[1] A N.J.S.A. 39:4-50(a) violation may be proved through either of two distinct methods: proof of the defendant's physical condition and performance during balance and other sobriety tests (the observational method) or quantitative proof of a defendant's BAC established by blood or breath testing (the per se method). State v. Kashi, 360 N.J. Super. 538, 545 (App. Div.2003). In this instance, field sobriety tests were not administered because defendant was seriously injured

was charged with careless driving, N.J.S.A. 39:4-97; failure to keep right, N.J.S.A. 39:4-82; and failure to wear a seatbelt, N.J.S.A. 39:3-76.2F.

After several adjournments, defendant appeared before a municipal court judge and pleaded guilty to the DWI offense on April 26, 2012. The court suspended defendant's license for seven months, ordered defendant to use an ignition interlock device for one year, directed defendant to attend an Intoxicated Driver Resource Center (IDRC) for twelve hours, and imposed fines and costs of $714.

In August 2018, defendant was again charged with DWI, prompting him to move to vacate his 2012 DWI conviction to avoid enhanced punishment as a repeat offender under N.J.S.A. 39:4-50(a)(2).[2] In January 2019, a municipal court judge heard oral argument on defendant's motion to vacate the 2012 guilty

_____

and was transported by helicopter to a hospital. Thus, the observational method of proof is not applicable in this case. Rather, the State relied entirely on the per se method of proof in the form of the hospital blood test results, which were introduced as an exhibit at the plea hearing.

[2] The record on appeal does not reveal the current status of the 2018 DWI charge. That charge is not before us and plays no role in our review of the sufficiency of the 2012 plea hearing.

A-5624-18T3

plea.[3]  The court rejected defendant's contentions that the legal consequences of the guilty plea were not adequately explained to him and that the factual basis for the guilty plea was insufficient.  Defendant appealed the municipal court ruling to the Law Division and in July 2019, a de novo review was conducted in the Superior Court.  The Law Division judge reviewed the transcript of the plea hearing and affirmed the municipal court order denying defendant's motion to vacate the guilty plea.  While acknowledging that the colloquy at the plea hearing was "not ideal," the Law Division judge concluded the factual basis was adequate to support the guilty plea.

Defendant raises the following contention for our consideration:

> THE APRIL 26, 2012 PLEA IS VOID.  THERE WAS NOT A "FACTUAL BASIS" FOR THE PLEA AND [DEFENDANT] DID NOT UNDERSTAND THE "CONSEQUENCES OF THE PLEA," BOTH PREREQUISITES UNDER RULE 7:6-2(A)(1).

---

[3]  We note the State has not argued that defendant's motion to vacate the April 2012 guilty plea is time-barred or otherwise procedurally precluded.  As the issue was not put before us, we do not consider the timeliness of defendant's motion to withdraw from the 2012 guilty plea. Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived." (citations omitted)).

A-5624-18T3

## II.

We first address defendant's contention he was not properly advised of the consequences of his guilty plea. That contention lacks sufficient merit to warrant extensive discussion in this opinion. R. 2:11-3(e)(2). We affirm the denial of defendant's motion to vacate the guilty plea on this ground substantially for the reasons explained by the Law Division judge. We add that on the day of the guilty plea and sentence, defendant signed a "Notification of Penalties for Subsequent DWI or Driving on the Revoked List Convictions." Defendant did not raise the issue that he was not warned of the consequences of his guilty plea until six years later, after he was charged with another DWI violation.

## III.

We turn next to defendant's contention the municipal court judge failed to elicit an adequate factual basis for the 2012 guilty plea as required by Rule 7:6-2(a)(1).[4] We begin our analysis by acknowledging the legal principles that

---

[4] Many of the cases that discuss the adequacy of the factual basis for a guilty plea involve pleas to indictable crimes entered pursuant to Rule 3:9-2, which applies to Superior Court matters. Rule 7:6-2 is the municipal court counterpart to Rule 3:9-2. The same standards and requirements for guilty pleas to indictable crimes in Superior Court apply to guilty pleas to quasi-criminal offenses in municipal court.

govern this appeal. Our "review of a trial court's denial of a motion to vacate a guilty plea for lack of an adequate factual basis is de novo." State v. Tate, 220 N.J. 393, 403–04 (2015) (citing Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995)). The Court in Tate acknowledged "[a]n appellate court is in the same position as the trial court in assessing whether the factual admissions during a plea colloquy satisfy the essential elements of an offense." Id. at 404. Trial courts "reviewing the adequacy of the factual basis to a guilty plea," do "not mak[e] . . . determination[s] based on witness credibility or the feel of the case, circumstances that typically [would] call for deference to the trial court." Ibid.

The necessity for a factual basis to support a guilty plea is rooted in due process. See McCarthy v. United States, 394 U.S. 459, 466–67 (1969) (explaining defendants' due process rights implicated by the requirement of a factual basis in guilty pleas). "Simply put, a defendant must acknowledge facts that constitute the essential elements of the crime." State v. Gregory, 220 N.J. 413, 420 (2015) (citing State v. Sainz, 107 N.J. 283, 293 (1987)). "The factual basis for a guilty plea," the Court explained, "can be established by a defendant's explicit admission of guilt or by a defendant's acknowledgment of the

underlying facts constituting essential elements of the crime." Id. at 419 (citing State v. Campfield, 213 N.J. 218, 231 (2013)).

In Campfield, the Court recognized the judge's inquiry of a defendant during the plea hearing "need not follow a 'prescribed or artificial ritual.'" 213 N.J. at 231 (quoting State ex rel. T.M., 166 N.J. 319, 327 (2001)). "[D]ifferent criminal charges and different defendants require courts to act flexibly to achieve constitutional ends." Ibid. (alteration in original) (quoting T.M., 166 N.J. at 327). The Court nonetheless cautioned, "it is essential to elicit from the defendant a comprehensive factual basis, addressing each element of a given offense in substantial detail." Id. at 236.

The Court in Campfield noted a "defendant's admissions 'should be examined in light of all surrounding circumstances and in the context of an entire plea colloquy.'" Id. at 231–32 (quoting T.M., 166 N.J. at 327). To provide that context, we recite verbatim the plea colloquy:

> Q. Court: And did you also consume alcohol prior to operating the motor vehicle?
>
> A. Defendant: Yes sir.
>
> Q. Court: And as a result were you in an accident?
>
> A. Defendant: Yes sir.
>
> Q. Court: And did the police investigate the accident?

A. Defendant: Yes sir.

Q. Court: And did they give you some balance tests?

A. Unidentified male: No, Your Honor.[5]

A. Defendant: No, Your Honor.

A. Defense Counsel: No, Your Honor.

Q. Court: Did they take you to the hospital?

A. Defendant: Yes, Your Honor.

Q. Court: All right, as a result was a blood test taken?

A. Unidentified Male.  Yeah, a blood test was taken marked as S-l. I'd like to submit it into evidence as a .1 –

Q. Court: Have you seen this, Counsel?

A. Defense Counsel:  Yes, I have, Your Honor.

A. Unidentified male: .184

Q. Court: You concur?

A. Defense Counsel:  I concur, Your Honor.

A. Unidentified Male:  .184

---

[5]  We note the transcript does not include the appearances of counsel for the State and defendant.  We presume from context and the process of elimination that the "unidentified male" referred to in the transcript is the municipal prosecutor.

A-5624-18T3

Q. Court: All right; okay. Okay. .184. You understand, sir, that, that's a violation of the laws of the State of New Jersey that you're legally intoxicated with –

A. Defendant: Yes, sir.

Q. Court: .18. You understand that?

A. Defendant: Yes, sir.

Q. Court: Okay, you understand that you have the right to a trial in this matter. That you have the right to compel the State to prove your guilt beyond a reasonable doubt. That you have the right to testify or not to testify and bring witnesses in to testify for you. That you have the presumption of innocence, the right to remain silent, the right to confront the State's witnesses, raise defenses and cross-examine those witnesses. Do you understand your rights?

A. Defendant: Yes, sir.

Q. Court: And do you understand that by entering a plea you're waiving those rights?

A. Defendant: Yes, sir.

IV.

As we have noted, the Law Division judge commented that the plea colloquy was "not ideal." One can hardly dispute that characterization. Our de novo review is constrained by the questions that were posed by the municipal court judge and the series of "yes sir" answers given by defendant. It therefore

9

is necessary to analyze the municipal court judge's questions closely to determine whether defendant acknowledged facts that constitute the essential elements of the offense.  Gregory, 220 N.J. at 420 (citing Sainz, 107 N.J. at 293).

Defendant clearly acknowledged that he had been operating the vehicle, thus establishing that element of the DWI offense.  He also acknowledged that he had consumed alcohol before operating the vehicle and further acknowledged he had been in a crash "as a result" of his consumption of alcohol.  However, after this point in the colloquy, the municipal court judge changed the structure of the questions he posed to defendant.  The judge shifted the focus from what defendant did on the day in question to what he understood at the time of the plea hearing about the law and the evidence the State was prepared to introduce if the matter went to trial.[6]

The critical interrogatory posed by the court was: ".184. You understand . . . that, that's a violation of the laws of the State of New Jersey that you're

---

[6]  As noted, the State introduced the hospital lab report as an exhibit at the plea hearing.  A factual basis, however, must come "from the lips" of the defendant, Tate, 220 N.J. at 408 (quoting State v. Smullen, 118 N.J. 408, 415 (1990)), not from an exhibit introduced by the State or from defense counsel's concurrence that the exhibit shows the BAC was .184%.

legally intoxicated with .18.  You understand that?"  The outcome of this appeal hinges on our construction of that question.

We agree with the Law Division judge that the municipal court judge's question refers to the hospital lab test results that were the subject of the immediately preceding discussion with the prosecutor and defense counsel.  We therefore are prepared to accept from the context of the colloquy that the municipal court judge was not just asking defendant whether he understood that a .184 BAC exceeds the statutory limit, which is set at .08%.[7]  We believe the municipal court judge also was asking defendant whether he understood the State had empirical evidence that defendant's BAC was .184.

Understanding the nature and strength of the State's case is an important aspect of an informed and voluntary guilty plea.  But understanding the import of the State's evidence is not the same as admitting to facts.  Defendant's affirmative reply to the municipal court judge's question, therefore, is simply not enough, by itself, to establish that defendant admitted his BAC exceeded the statutory limit.  A factual basis for a per se DWI offense, in other words, requires more than a defendant's acknowledgment that the State is in possession of blood

---

[7]  If the municipal court judge's questions were interpreted only to ask whether defendant understood that a .184 BAC exceeds the statutory limit, clearly, an affirmative answer would not constitute a factual basis.

test evidence. It requires acknowledgment of the truth and accuracy of the State's BAC evidence or at least an explicit acknowledgement that defendant does not dispute the accuracy of the State's BAC evidence. Defendant was never asked that critical follow-up question.

We recognize that a lay person in defendant's situation would have no way of knowing what his BAC level was at the time of a crash. Accordingly, a defendant pleading guilty to a per se DWI offense need not state what his or her BAC level was. Rather, in these circumstances, it would be sufficient for a defendant to admit that he has no basis upon which to challenge the accuracy of the BAC test results proffered by the State and thus accept that his BAC was in excess of the .08% legal limit.

The critical point is that the acknowledgment of guilt with respect to the BAC element of the per se DWI offense should be explicit and not just inferred from the fact a defendant seeks to enter a guilty plea. We recognize that by pleading guilty, defendant waived the right to contest the State's evidence at trial, including but not limited to the hospital lab report. Waiving the constitutional rights that attend a trial as part of the knowing/voluntariness portion of a plea colloquy, however, does not constitute acquiescence to the truth of the State's evidence for purposes of establishing a factual basis. Were it

12

otherwise, a factual basis would always be deemed to be adequate because every guilty plea, by definition, entails the waiver of the right to contest the State's evidence that had been disclosed in discovery. The point simply is that a general waiver of constitutional rights, including the right to contest the State's evidence, is not a substitute for an explicit factual basis.

We reiterate that neither a lengthy or elaborate colloquy is needed to establish the factual basis for the BAC element of a per se DWI offense. All that is needed is an explicit acknowledgment from a defendant that his or her BAC exceeded the statutory .08% limit.[8] A "yes sir" answer will suffice, moreover, provided the question is framed precisely.

The problem in this case is not undue brevity or the lack of detail in the factual basis colloquy. Rather, the problem arises from the formulation of the critical question that was posed to defendant concerning the BAC element of the per se DWI offense. For purposes of establishing a factual basis, as distinct from establishing that a guilty plea is knowing and voluntary, it is insufficient for a court to inquire whether a defendant <u>understands</u> the nature and legal

---

[8] We note the Law Division judge commented that the factual basis colloquy would have been "closer to ideal" if the trial court had asked, "Do you acknowledge, based on your understanding of the case, that your blood alcohol was in fact at the time of the operation in excess of .08, and is that based on a blood test that was taken shortly thereafter, and do you have any reason to dispute that?"

import of the incriminating evidence against him. We caution that if a trial court chooses to rely solely on a "yes sir" answer to establish the factual basis for an essential element, the question that prompts that answer must be framed to make certain that an affirmative response unambiguously reflects acknowledgement of, or at least acquiescence to, the underlying facts needed to establish that element. We conclude that did not occur in this case. Given the importance of the factual basis requirement, which, as noted, is rooted in due process, we are not prepared to assume that defendant would have admitted that his BAC was over the legal limit had he been asked that question directly.

We therefore vacate the guilty plea and direct that the DWI charge be restored to the status before the guilty plea was entered. See Campfield, 213 N.J. at 232 (holding that in the absence of an adequate factual basis, "the parties must be restored to their respective positions prior to the guilty plea" (citing State v. Barboza, 115 N.J. 415, 420 (1989))). We remand to the Law Division for proceedings and orders necessary to implement this opinion. We do not retain jurisdiction.

Affirmed in part and reversed and remanded in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5624-18T3